## In re EMPIRE PIPE AND DEVELOPMENT, INC., Debtor.

Lauren JOHNSON, Trustee, Plaintiff,

v.

## BULGER CONTRACTING COMPANY, Defendant.

Bankruptcy No. 90–2874–8P7.
Adv. No. 92–525.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 5, 1993.

See also 134 B.R. 975.

Dennis J. LeVine, Tampa, FL, for plaintiff.

Michael V. Hammond, Lakeland, FL, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, and the matters under consideration are Cross Motions for Summary Judgment filed by the Plaintiff, Lauren Johnson, Trustee, who instituted the above captioned adversary proceeding and the Defendant, Bulger Contracting Company (Bulger). The Complaint filed by the Trustee claims that the payment to Bulger of $10,760.12 was a preferential transfer voidable pursuant to § 547(b) of the Bankruptcy Code. Both Motions under consideration urge that there are no genuine issues of material fact, and each is entitled to a judgment in it's favor as a matter of law, respectively. In addition, Bulger contends that the payment by Empire Pipe and Development, Inc. (Debtor) was a contemporaneous exchange for new value by virtue of § 547(c), which operates as an exception to the Trustee's power to avoid a transfer as a preference, and, therefore, the Trustee's Motion should be denied. In support of this proposition, Bulger asserts that upon receipt of the payment by the Debtor, Bulger released its mechanic's lien filed against the property of the owner.

The following facts are without dispute. At the time relevant, the Debtor owned and operated a building supply business in Florida and also acted as a general contractor in the construction business. The Debtor hired Bulger as a subcontractor to perform site work, excavation and final dressing on a project known as Morgan Industrial Park. The work began on July 24, 1989, and ended on September 18, 1989. Bulger's final bill to Debtor came to the sum of $106,363.70. After attempting on several occasions to collect full payment, and receiving only partial payment, Bulger on December 12, 1989, filed a claim of lien, pursuant to Chapter 713 of the Florida Statutes, on the owner's property to satisfy the outstanding amount due, which totalled $10,760.12. Debtor made a final payment by check on January 29, 1990, to Bulger in the amount of $10,760.12. Once that payment was received, Bulger filed a final release of their lien on the property.

On March 29, 1990, Debtor filed a Petition for Relief in this Court under Chapter 11 of the Bankruptcy Code. Subsequently, the Chapter 11 case was converted to a Chapter 7 case, and Lauren Johnson was appointed Trustee. The final payment to Bulger of $10,760.12 was made during the "preference period" under § 547(b) of the Bankruptcy Code. The Trustee contends that this payment was a preferential transfer under Section 547(b) of the Bankruptcy Code which provides:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; ...

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

It is without dispute that Bulger was a creditor of the Debtor and payments made by the Debtor to Bulger were on account of an antecedent debt. Since all operating elements are without dispute, the Trustee should prevail unless the exception set forth in § 547(c) is claimed by Bulger and qualifies as a valid exception. Section 547(c) provides:

The trustee may not avoid under this section a transfer—

(1) to the extent that such transfer was—

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

Bulger asserts that by waiving its claim of lien on the owner's property to satisfy the debt owed between the Debtor and Bulger, the transaction was, in fact, a contemporaneous exchange for new value. New value is specifically defined under § 547(a)(2) of the Bankruptcy Code as:

(a)(2) ... money or money's worth in goods, new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee

under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation.

There is no question that the Debtor did not receive anything of value in exchange for the payment to Bulger in the sum of $10,760.12. While it might be argued that Bulger's release of its lien on the owner's property might have indirectly conferred some benefit on the Debtor, the value of this indirect compensation is highly speculative and certainly falls far short of the type of consideration which would qualify as "new value." Be that as it may, no measurable value was added to the assets of the Debtor. Based on the foregoing, this Court is satisfied that the record fully satisfies the requirement of § 547(b) and since Bulger failed to establish the exception of the Trustee's power to avoid under § 547(c), it is appropriate to enter a Final Judgment in favor of the Trustee and against Bulger. A separate Final Judgment will be entered in accordance with the foregoing.