**In re CAPE HAZE WINDWARD PARTNERS, INC., Debtor.**

Gerard A. Trustee, Jr., as Chapter 11 Trustee, Plaintiff,

v.

Reliable Home Services, Inc. d/b/a Reliable Cabinet Designs, Defendant.

Bankruptcy No. 9:05–bk–28339–ALP.
Adversary No. 8:07–ap–00427–ALP.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 2, 2008.

Michael C. Markham, Johnson Pope Bokor Ruppel & Burns LLP, Clearwater, FL, for Plaintiff.

L. Murray Fitzhugh, Venice, FL, for Defendant.

*ORDER DENYING RELIABLE HOME SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT and ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTERS under consideration in this Chapter 11 case are two Motions for

Summary Judgment. The first Motion for Summary Judgment was filed by Reliable Home Services, Inc. (Reliable), and the second Motion was filed by Gerard A. Trustee, Jr., the Chapter 11 Trustee (the Trustee). The Motions are directed to whether a preferential transfer to Reliable is excepted as "new value" under Section 547(c) of the Bankruptcy Code.

The facts relevant to the resolution of the issues raised by the Motions are without dispute and are as follows:

The Defendant, Reliable, is in the cabinet installation business. During 2005, Reliable incurred expense related to labor and materials for cabinets supplied to Cape Haze Windward Partners, Inc. (the Debtor) for use in The Preserve at Windward (the Project), a condominium project owned and developed by the Debtor. After the Debtor failed to remit payment to Reliable for the cabinets, Reliable filed a claim of lien in the public records against the Debtor's real property on or about August 24, 2005.

On or about September 1, 2005, a payment for the cabinets was made by the Debtor to or for the benefit of Reliable in the amount of $16,687.07. As owner and developer of the Project, the Debtor remitted the payment so that Reliable would release the claim of lien on the Debtor's real property. On or about October 15, 2005, the Debtor filed a Voluntary Chapter 11 Petition with this Court. The Plaintiff, the Trustee, has been appointed the Chapter 11 Trustee for this estate.

These are basically the facts relevant for consideration of the Motions for Summary Judgment. Reliable has raised by Motion for Summary Judgment that the payment by the Debtor should not be avoided under the "new value" exception of Section 547(c) of the Bankruptcy Code because Reliable provided new consideration by releasing the lien that encumbered the property in exchange for said payment. Alternatively, Trustee has raised by Motion for Summary Judgment that the payment should be avoided because releasing a lien does not constitute "new value" based on applicable case law, and so the transfer should be analyzed solely under Section 547(b) of the Bankruptcy Code. Additionally, prior to the recording of Reliable's lien, at least three mortgages were filed against the Debtor's real property. Since the value of these encumbrances exceeded the value of the real property, Trustee asserts that there was no value to support Reliable's lien in the first place.

The Trustee contends that this payment was a preferential transfer under Section 547(b) of the Bankruptcy Code which provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property-

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made-

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if-

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

 It is without dispute that the payment from the Debtor was to or for the benefit of Reliable, a creditor. Even though Reliable has denied that the payment was for an antecedent debt, the record is clear that the amount tendered was for pre-petition services rendered. In terms of the payment being made while the debtor was insolvent, insolvency can be presumed on and during the 90 days immediately preceding the date of the filing of the Petition pursuant Section 547(f) of the Bankruptcy Code. Since the payment to Reliable was made within this 90 day "preferential" period, the Debtor is presumed to have been insolvent at that time. Additionally, Reliable undoubtedly received more than it would have received if the case was filed under Chapter 7. Since all elements of Section 547(b) of the Bankruptcy Code are without dispute, the Trustee should prevail unless the Section 547(c) exception asserted by Reliable is valid.

█ Section 547(c) provides:
The trustee may not avoid under this section a transfer-

(1) to the extent that such transfer was-

(A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and

(B) in fact a substantially contemporaneous exchange;

11 U.S.C. § 547(c)

New value is specifically defined under Section 547(a)(2) of the Bankruptcy Code as:

(a)(2) money or money's worth in goods, new credit, or release by a transferee of property previously transferred to such transferee in a transaction that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation.

Even though Reliable asserts that it provided "new value" by releasing the lien that encumbered the real property of the Debtor, this Court has historically decided to the contrary. In the case of *Johnson v. Bulger Contracting Co. (In re Empire Pipe and Dev., Inc.)*, 152 B.R. 339 (Bankr. M.D.Fla.1993), this Court stated that "while it might be argued that the release of the lien on the property might have indirectly conferred some benefit on the Debtor, the value of this indirect compensation is highly speculative and certainly falls far short of the type of consideration which would qualify as new value."

Additionally, "the new value defense is grounded in the principle that the transfer of new value to the debtor will offset the payments, and the debtor's estate will not be depleted to the detriment of other creditors." *Lubman v. C.A. Guard Masonry Contractor, Inc. (In re Gem Constr. Corp. of Virginia)*, 262 B.R. 638, 645 (Bankr. E.D.Va.2000). The court further noted that for the new value defense under Section 547(c)(1) to apply, "the value given for the transfer must actually and in real terms enhance the worth of the debtor's estate so as to offset the reduction in the estate the transfer caused." *Id.*

 Furthermore, "where the creditor's indirect lien is fully secured by assets of the debtor, the preferential transfer can be protected by the new value exception." *Id.* at 646. On the other hand, "where the creditor's indirect lien is only partially secured by assets of the debtor, the preferential transfer can be protected by Section

547(c)(1) only to the extent that it is secured by estate assets." *Id.* at 647.

In the case of *In re Gem Constr. Corp. of Virginia*, a Chapter 7 trustee brought an adversary proceeding in an attempt to avoid a preferential payment by the debtor-contractor to a subcontractor during the preference period. *Id.* at 642. The court held that the subcontractor failed to prove whether its mechanics' lien had any value on the date of the transfer and the transfer was avoided. *Id.* at 649.

In the case at hand, there were at least three mortgages filed against the Debtor's real property, which were all in default, prior to the recording of Reliable's lien (Doc. No. 31). Additionally, the mortgages were not paid in full in connection with this bankruptcy case. *Id.* Since the mortgages were filed prior to Reliable's lien and there still was not enough in the estate to pay the mortgages in full, Reliable's lien had no value because there were no assets left to secure it. Preferential transfers can only be protected by Section 547(c)(1) to the extent that they are secured by estate assets. With that in mind, the entire $16,687.07 is avoidable as preference because the mortgages were first in time and still only received a partial payout. Without the preferential transfer, the $16,687.07 would have been included as property of the estate and distributed to creditors accordingly. By making the preferential transfer, the Debtor depleted the estate to the detriment of the other creditors.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that McHale's Motion for Summary Judgment Regarding Whether the Release of a Lien Constitutes "New Value" (Doc. No. 31) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Reliable's Motion for Summary Judgment Regarding Whether the Release of a Lien Constitutes "New Value" (Doc. No. 22) be, and the same is hereby, denied.